<span style="float:right">11  167<br>44  377<br>11  167<br>47 1268</span>

## HARRIET ASHFORD *v.* CHARLES TIBBITTS et al.

The fact that plaintiff had a legal mortgage on the property, for which a writ of possession, issued in favor of W., would not, if true, be a valid reason to stay the execution of the writ. That execution would not impair her mortgage rights.

The wife's legal mortgage takes effect only from the date when the paraphernal funds went into the husband's hands.

The wife's renunciation is defective when the notary does not detail in the act the nature of the rights she renounced.

APPEAL from the District Court, Sixth District, Parish of East Baton Rouge, *Robertson*, J. *Herron*, for plaintiff and appellant. *Seymour*, for defendant.

SPOFFORD, J.  The injunction sued out by the plaintiff was properly dissolved.  The fact that she had a legal mortgage on the property for which a writ of possession issued in favor of *Woodruff* would not, if true, be a valid reason to stay the execution of the writ.  That execution would not impair the mortgage rights.

The plaintiff, however, complains that there was error in that her legal mortgage upon the premises in question was not recognized by the judgment.

The wife's legal mortgage takes effect only from the date when the paraphernal funds went into the husband's hands.

There is no evidence that the husband in this case received the proceeds of the slave *Sally* before *Dorothy Woodruff* obtained her final judgment against *Tibbitts* for the property in controversy.

Seventy-nine dollars of the plaintiff's paraphernal funds appear to have been paid on her husband's order in 1843 ; but the interest of that sum belonged to the community.

For the principal, we think her legal mortgage should have been recognized, inasmuch as her renunciation was defective, in that the notary did not detail in the act the nature of the rights she renounced.  See Acts 1835, p. 153 ; *Succession of Grenvillor*, 4 Ann., 412.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be so amended as to allow the plaintiff a legal mortgage for the sum of $79, with five per cent. interest from judicial demand, upon all the property of her husband, *Charles Tibbitts*, including the house and lots in controversy, and that in other respects the judgment be affirmed ; the costs of appeal to be paid by defendants and appellees.